UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS, JR.,     Plaintiff,

v.     Civil Action No. 3:20-CV-398-RGJ

LORETTA CRADY, *et al.*,     Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* action initiated by Plaintiff Lynell Willis, Jr.  Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).  Accordingly, **IT IS ORDERED** that the application (DN 5) is **GRANTED**.

This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the instant action will be dismissed.

**I.**

Plaintiff names as Defendants in this action Loretta Crady, Hardin County Circuit Court Clerk, and the Hardin County Justice Center.  He states that the basis of jurisdiction is federal question jurisdiction as follows:  "Signature fraud in government business, money loitering, provisional annoyance/disbursement potent eye loss, potent mental nervous system."  In the statement-of-the-claim portion, he states, *in toto*:

> In 1988 two female workers of the Radcliff, Ky. Courthouse came into my home. There were papers stacked tall.  Standing to the left of Ms. Willis I wrote the cursive signature of Loretta Crady.  I also did the notorized signature now being used in the Hardin Co. court system.  Ms. Willis wrote as I saw in cursive Loretta

> Crady as well, her writing now appears on the drivers license. I didn't know theres people living. Loretta Crady the writings were a spurse of a moment.

As relief he asks the Court for an investigation into the two women who entered his home and any other "parties responsible for or input the signature." He also asks that these parties by polygraphed, states that he feels that he is being stalked, and asks for "902 million dollars."

## II.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*. The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The Court finds that Plaintiff's allegations in this case are clearly baseless.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

**III**.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: August 24, 2020

*[Signature]*
Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiff, *pro se*
A961.009